```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DIQUAN BOOKER,

                Plaintiff,
                                        TRANSFER ORDER
        -against-                       19-CV-4571(JS)(AKT)

OFFICER MICO'LEVO, Correction Officer,
SHAWANGUNK CORRECTIONAL FACILITY,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Diquan Booker, pro se
                   16-A-1691
                   Shawangunk Correctional Facility
                   P.O. Box 700
                   200 Quick Road
                   Wallkill, New York 12589

For Defendants:    No appearance.
```

SEYBERT, District Judge:

On August 5, 2019, incarcerated pro se plaintiff Diquan Booker ("Plaintiff") filed a Complaint in this Court against Correction Officer Mico'Levo and the Shawangunk Correctional Facility (together, "Defendants") pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Plaintiff complains of events are that are alleged to have occurred at the Shawangunk Correctional Facility. For the reasons set forth below, the Court TRANSFERS this action to the United States District Court for the Southern District of New York.

The claims alleged in the Complaint arise from an incident alleged to have occurred at the Shawangunk Correctional

Facility located in Wallkill, New York. Wallkill is located within Orange County, which is in the Southern District of New York. See 28 U.S.C. § 112(b). Under 28 U.S.C. § 1391, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

Here, the events giving rise to Plaintiff's claims are all alleged to have occurred at the Shawangunk Correctional Facility, which is within the Southern District of New York. See 28 U.S.C. § 112(b). Thus, since all the events and omissions giving rise to Plaintiff's claims occurred in that district, venue for this action lies there. Accordingly, in the interests of justice, without offering any opinion on the merits of Plaintiff's claims, this action is TRANSFERRED to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 1391(b), 1406(a). The determination of Plaintiff's application to proceed in forma pauperis is reserved for the transferee court. Summonses shall not issue from this Court.

The Clerk of the Court is directed to: (1) transfer this case to the Southern District of New York forthwith; (2) mail a copy of this Order to the pro se Plaintiff; and (3) mark this case

2

CLOSED.

    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated: October __7__, 2019
       Central Islip, New York